UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 20-CV-1958 (KAM) (RER)
_____

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, ET AL.,

Plaintiffs,

VERSUS

GOAL ENTERPRISES, INC.,

Defendant.

_____

**REPORT & RECOMMENDATION**

April 25, 2021

_____

**TO THE HONORABLE JUDGE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

On April 29, 2020, plaintiffs Trustees of the Local 7 Tile Industry Welfare and Annuity

Funds, Trustees of the Tile Layers Local Union 52 Pension Fund, and Trustees of the Bricklayers

& Trowel Trades International Pension Fund (collectively, "Plaintiffs" or "Trustees") commenced

this action against defendant Goal Enterprises, Inc. ("Defendant" or "Goal") pursuant to Sections

502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 9 U.S.C. §§

1132(a)(3), 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"),

29 U.S.C. § 185. (Dkt. No. 1 ("Compl.")). Presently before the Court is Plaintiffs' unopposed

motion pursuant to Rules 37(b)(2)(iii) and (b)(2)(vi) of the Federal Rules of Civil to strike Goal's

1

answer and enter a default against it for Defendant's failure to engage in discovery and for violating the Court's November 12, 2020 scheduling order. (Dkt. No. 12). For the reasons stated below, I respectfully recommend that Plaintiffs' motion be granted in its entirety.

For the sake of brevity and expediency I will dispense with a protracted discussion of the background facts and the law. Suffice it to say, however, that this is a rather straightforward ERISA/LMRA case with which the Court is all too familiar. Plaintiffs contend that Defendant is an employer within the meaning of ERISA and the LMRA, and pursuant to a collective bargaining agreement owes delinquent employer contributions to various multi-employer labor management trust funds. (Compl. at ¶¶ 6-17). Defendant, of course, denied as much in its answer. (Dkt. No. 9 at ¶¶ 6-17).

On September 22, 2020, I held a video initial conference during which the parties requested that I refrain from entering a case management order and give them time to reach an amicable resolution. (Dkt. No. 14 at 3-7). I obliged and scheduled a telephone conference for November 12, 2020. (*Id.* at 8-9.) At the November 12th telephone conference, the parties reported that were unable to reach a settlement. (Dkt. No. 15 at 2-3). Goal indicated that while it did not seriously dispute liability, it was suffering severe financial distress and was unable to pay any settlement amount. (*Id.*) Goal's financial distress was so severe that it was ceasing operations and could not even afford to participate in discovery. (*Id.*). When Plaintiffs' counsel raised the possibility of a Rule 37 motion to strike the answer and enter default should Goal not engage in discovery, Goal's counsel did not object and stated that he had already explained to Goal's principals that that may happen. (*Id.* at 4). At the conclusion of the conference I entered a pretrial schedule order which, among other things, required the parties to serve their Rule 26(a)(1) initial disclosures by November 28, 2020 and complete all discovery by March 23, 2021. (Minute Entry dated 11/12/20).

I held another telephone conference on January 13, 2021, at which only Goal's counsel attended. (Minute Entry dated 1/13/21; Dkt. No. 16). Counsel indicated that Goal was not going to respond to the Trustees' discovery requests and would not object to the Trustees' motion to strike its answer and enter a default judgment. (Dkt. No. 16 at 2-4). During the parties' January 13, 2021, meet and confer session following the telephone conference, Goal's counsel "stated, unequivocally, that it will not participate in discovery, claiming that it is financially incapable of doing so." (Dkt. No. 12 at 1). On January 20, 2021, the Trustees filed their letter motion to strike and enter default. (Dkt. No. 12). In their motion, the Trustees noted that Goal failed to serve its Rule 26(a)(1) disclosures by November 28, 2020, and failed to respond to Plaintiffs' December 15, 2020 request for production of documents and first set of interrogatories. (*Id.*) Plaintiffs contend that Goal has completely frustrated their ability to proceed through discovery and bring this case to resolution.  On February 9, 2021, I held video hearing on Plaintiffs' motion to strike and enter default. (Minute Entry dated 2/9/21;).  At the hearing Goal's counsel indicated that it was financially unable to conduct discovery, would not oppose the motion, and expected that the motion would be granted. (Dkt. No. 13 at 2-3).

As Your Honor is aware, Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) authorize a court to impose sanctions when a party fails to obey a pretrial order. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(A). Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Although striking pleadings and entering default judgment is "a harsh remedy to be used only in extreme situations," *Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), such orders "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual

litigants[,]" including specific and general deterrence, *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

When considering whether to impose sanctions pursuant to Rules 16 and 37, courts should look to several factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance, (2) the efficacy of lesser sanctions, (3) the duration of the period of noncompliance, and (4) whether the non-compliance party had been warned of the consequences of ... noncompliance." *Agiwal*, 555 F.3d at 302. These factors are not exclusive, and none is dispositive. *See S. New England Tel. Co.*, 624 F.3d at 144 . Courts have "wide discretion in imposing sanctions under Rule 37." *Shcherbakovskiy v. Da Cap Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). Here, there is no questions that these factors weigh heavily in favor of striking Goal's answer and entering default. Goal's willfulness could not be more clear. Almost from the outset, Goal has steadfastly refused to engage in discovery.  That Goal's willful failure to engage in discovery may be due to its unfortunate financial situation is irrelevant. In light of Goal's consistent and persistent refusal to engage in discovery, even expecting that its answer would be stricken and default entered against it, I cannot fathom that a lesser sanction would be efficacious at gaining compliance. Finally, the record is clear that from very early on Goal has been fully aware of the consequences of its discovery noncompliance. Moreover, Goal apparently does not object to having its answer stricken and default being entered against it.

Based on the foregoing, striking Goal's answer and entering default are appropriate sanctions in this case. This Court respectfully recommends that the Court strike the answer and enter a certificate of default against Goal.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiffs' motion to strike the answer be granted and that default be entered against Defendant. Thereafter, Plaintiff should be directed to file a motion for a default judgment and this is case should proceed expeditiously to an inquest on damages.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Kiyo A. Matsumoto within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

*Ramon E. Reyes, Jr.*
_____
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge

5